FILED

MAY 10 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**Miscellaneous Docket No.** _____

# United States District Court

*for the*

## Western District of Texas

## SA24CA0480 JKP

IN RE:  Petitioner Treniss Evans, concerning
*People of the State of New York v. Donald J. Trump, Jr.,* New York
Supreme Court, Trial Division, Manhattan, Ind. No. 71543-23

On Petition for a Writ of Prohibition to the
I.      Supreme Court of New York, Trial Division,
Criminal Term, for the City of Manhattan, and
II.    District Attorney for Manhattan, New York Alvin Bragg

Respondents.

"Emergency" Expedited Scheduling Requested

Treniss J. Evans III, *Pro Se*
c/o CondemnedUSA
PO Box 2357
Canyon Lake, Texas 78133
Telephone:  (210) 571-2847
Treniss@CondemnedUSA.com

# **TABLE OF CONTENTS**

I.     PETITION FOR WRITS OF PROHIBITION ............................... 6

       A. Petitioner for Writ of Prohibition ...................................... 6

       B. Interests of Petitioner ..................................................... 5

       C. Expedited Review Requested .......................................... 7

II.    RESPONDENTS ............................................................... 7

III.   GOOD FAITH REQUEST FOR THE EXTENSION, MODIFICATION,
       CLARIFICATION, OR OVER-TURNING OF PRECEDENT ........   12

IV.    STATEMENT OF FACTS NECESSARY TO UNDERSTAND
       ISSUES PRESENTED ........................................................   13

V.     PERSONAL EXPENSES ARE INCAPABLE OF BEING CRIMES
       UNDER FEDERAL CAMPAIGN FINANCE LAW:  THERE IS NO
       ELECTION LAW CRIME TO BE "THE OTHER CRIME" ...........   15

VI.    THERE ARE NO BUSINESS RECORDS ...............................   20

VII.   CANDIDATE SPENDING HIS OWN MONEY NOT A
       CAMPAIGN FINANCE CRIME ........................................   21

VIII.  ONLY THE TREASURER IS RESPONSIBLE FOR
       CAMPAIGN EXPENDITURES ..............................   .........   22

IX.    VIOLATIONS OF FEDERAL CAMPAIGN LAW ARE NOT
       NECESSARILY CRIMINAL VIOLATIONS  ......................   23

X.     AS FORMER S.D.N.Y. ASSISTANT U.S. ATTORNEY
       ANDREW C. MCCARTHY SHOWS, DISTRICT ATTORNEY
       BRAGG IS PROSECUTING FEDERAL LAW AND
       VIOLATING THE NEW YORK CONSTITUTION  .................   24

XI.    JURISDICTION IS PROPER UNDER THE ALL WRITS
       ACT., 28 U.S.C. § 1651  ...................................................   28

XII.    PETITIONER HAS NO ADEQUATE REMEDY AT LAW ............ 30

XIII.   PETITIONER HAS STANDING; YOUNGER-FELDMAN
        DOES NOT APPLY TO GREAT AND IMMEDIATE
        XIV.    IRREPARABLE INJURY ......................................   31

XV.     TIMING IS RIGHT:  CONTROLLED BY RESPONDENTS'
        DEFECTIVELY VAGUE INDICTMENT, and NATURE OF
        THE CHARGES ………………………...…………………..……..   32

XVI.    CONCLUSION  ………………………………...…………..……….   34

# TABLE OF AUTHORITIES

### CASES

Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33 (1980) ------------------------------------------------ 29

Chevron U.S.A., Inc. v. Natural  Resources Defense Council, Inc., 467 U.S. 837 (1984)------------ 28

Citizens United v. Federal Election Commission, 558 U.S. 310 (2010)--------------------------------- 22

Coles v. Granville, 448 F.3d 853, 861 n. 2 (6th Cir. 2006)---------------------------------------------- 30

Davis v. FEC, 555 U.S. at 740, 744 (2008). See also FEC v. Ted Cruz for Senate, 596 U.S. 289,

     (May 16, 2022) ---------------------------------------------------------------------------------------------- 22

FEC v. Craig for U S. Senate, 816 F.3d. 829 (2016), 2016 WL 850823, at *12 (D.C. Cir. Mar. 4,

     2016) --------------------------------------------------------------------------------------------------------- 18

FEC v. Craig for U.S. Senate, 933 F.Supp.2d 111 (D.D.C.2013)------------------------------------------ 18

INS v. Chadha, 462 U.S. 919 (1983)----------------------------------------------------------------------------- 28

Matter of Rodriguez v. Hobbs, 220 A.D.3d 1145, 198 N.Y.S.3d 816, 817-818 (October, 26, 2023)

     ---------------------------------------------------------------------------------------------------------------- 29

Opinion, per curiam, Norma Jean Anderson, et al. v. Donald Trump, et al.., U.S. Supreme Court,

     March 4, 2024------------------------------------------------------------------------------------------- 9, 10, 11

Palmer v Schneider, 699 F.2nd 322 (1981) ------------------------------------------------------------------ 31

People of the State of New York v. Donald J. Trump, Jr.------------------------------------------------- 31

People of the State of New York v. Donald J. Trump, Jr., in the Supreme Court of New York, Trial

     Division, Criminal Term, Ind. No. 71543-23, April 4, 2023 [mislabeled as 2022]----------------- 32

United States v. Arizona, 567 U.S. 387 (2012) ----------------------------------------------8, 10, 11, 28

United States v. Bell, 2008 U.S. Dist. LEXIS 91803, 7-8 (E.D. Tenn. Sept. 29, 2008) ---------------- 30

United States v. Douglass Mackey, Case No. 21-CR-80 --------------------------------------------- 6, 12

Younger v Harris, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971)--------------------------------- 31

### STATUTES

§ 30114(a)(2) --------------------------------------------------------------------------------------------------- 18

11 CFR 113.1(g)------------------------------------------------------------------------------------------------- 16

28 U.S.C. § 1651---------------------------------------------------------------------------------------------- 2, 27

30103(b)(4)------------------------------------------------------------------------------------------------------ 22

30114(b)(1)------------------------------------------------------------------------------------------------------ 18

52 U.S.C. § 30114(a)------------------------------------------------------------------------------------------- 18

52 U.S.C. § 30114(b)(2)--------------------------------------------------------------------------------------- 18

52 U.S.C. §§ 30102(a) ------------------------------------------------------------------------------------------ 22

ALL WRITS ACT., 28 U.S.C. § 1651------------------------------------------------------------------- 2, 27, 30

Article III, §16 of the New York Constitution ------------------------------------------------------------ 26

N.Y. Penal Law §175.05------------------------------------------------------------------------------12, 21, 32

N.Y. Penal Law §175.10------------------------------------------------------------------------------------21, 32

Penal Law § 175.00[1] ------------------------------------------------------------------------------------------ 21

the Supremacy Clause of the U.S. Constitution---------------------------------------------------------- 11

U.S. Const. art. I, § 4, cl. 1------------------------------------------------------------------------------------ 31

## OTHER AUTHORITIES

Andrew C. McCarthy, Esq., "Bragg's Prosecution of Trump Violates New York State's
   Constitution," National Review [syndicated] [Law & the Courts] ............................................25

Handling candidate loans, debts and advances ............................................................................20

## PETITION FOR WRITS OF PROHIBITION

## I.    PETITIONER

### A. Petitioner for Writ of Prohibition

I, Treniss Evans, a registered voter of the State of Texas intend to vote in the 2024 Presidential election. My contact information is located within the signature block.

### B. Interests of Petitioner

Petitioner (I) have been denied my rights to hear and understand the candidates for President of the United States in order to exercise my vote in the 2024 Presidential election. Voters like me are not merely being denied information but being doused in misinformation about candidate Donald Trump that Trump is not being allowed to correct, creating the same deprivation of voter rights as just decided in the Eastern District of New York in *United States v. Douglass Mackey*, Case No. 21-CR-80-AMD.

Candidly, I as a Petitioner am likely to vote for Donald Trump. Nevertheless, I along with all voters need to hear Trump's responses to the massive nationwide broadcast of serious accusations of criminal conduct by Trump to be sure. Just as many Republicans strongly supported Richard Nixon for re-election, until after Watergate, voters are being deprived of their right to vote if the nation is flooded with accusations against Trump that Trump is not allowed to answer.

Nevertheless, it is one thing to suspect that accusations against Donald Trump are election interference. It is entirely different for voters to hear both sides of important national issues before casting their vote for Biden or Trump, not voting at all, or voting for an independent candidate or write-in candidate.

## II.   RESPONDENTS

A) Alvin Bragg, District Attorney
For the County of Manhattan
Main Office
One Hogan Place
New York, NY 10013
Telephone:  (212) 335-9000

B) Supreme Court of New York, Trial Division, Criminal Term,
for the County of Manhattan  [also referred to publicly as for the City of Manhattan]
Attn:  Honorable Ellen N. Biben, Administrative Judge
100 Centre Street, Room 1100
New York, New York 10013

## **EXPEDITED REVIEW REQUESTED**

Expedited / Emergency treatment is requested.

## III.   PETITION FOR WRIT OF PROHIBITION

I as Petitioner respectfully request that a Writ of Prohibition be issued to prevent the Respondents from exceeding their jurisdiction.  It is already not legally permissible, but the Respondents are insistent upon proceeding nevertheless.

Specifically –

a)   *to prohibit as exceeding subject matter jurisdiction*

b)   *the criminal prosecution in New York State court*

c)   *of a Manhattan-only variant*

d)   *of FEDERAL LAW*

e)   *inconsistent with the  FEDERAL GOVERNMENT'S  INTERPRETATION  of the Federal Government's own law*

f)   *because the New York Court lacks jurisdiction*

g)   *yet is burdening a Defendant with a full trial as if it had jurisdiction to proceed.*

In other words, New York State of course can pursue any New York State laws and functions in any manner it chooses.

But as the U.S. Supreme Court just ruled in March 2024, New York courts may not have or prosecute their own local version of Federal law.   See, *United States v. Arizona,* 567 U.S. 387 (2012) (Arizona was forbidden from enacting a mirror image of Federal law on immigration for the purpose or effect of Arizona

8

actually enforcing the immigration laws enacted by Congress which the Federal Executive Branch refused to enforce, on uniformity grounds).

New York courts are forbidden from prosecuting or enforcing Federal law that is either (a) indeterminate so as to create a substantial risk of a patch-quilt of inconsistent interpretations from State to State across the country (*Norma Jean Anderson)* or inconsistent with New York's interpretation of the Federal law.

In campaigns for President of the United States, New York State law is pre-empted by Federal laws and regulations. Article VI of the U.S. Constitution states:

> \* \* \*
>
> This Constitution, *and the laws of the United States which shall be made in pursuance thereof;* and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; ***AND THE JUDGES IN EVERY STATE SHALL BE BOUND THEREBY***, anything in the Constitution or laws of any State to the contrary notwithstanding.
>
> \* \* \*

*(Emphases Added.)*

Lack of jurisdiction is a non-discretionary, immovable, unavoidable iron wall, which is not subject to any decision or discretion.

Exceeding jurisdiction is a core, classic, well-established, conclusively-valid reason for a Writ of Prohibition.

This distinction was just enshrined 9-0 in the U.S. Supreme Court in *Norma Jean Anderson, et al. v. Donald J. Trump,* Record No. 23-719 (March 4, 2024), where the rights of Colorado State to engage in a wide range of activities

measuring in the dozens or hundreds of State functions, the U.S. Supreme Court struck down as unconstitutional Colorado pursuing its own individual interpretation (there hypothetical, here actual) of the 14th Amendment, Section 3.

In other words, the admixture of State functions and Federal law is a unique hybrid. *Norma Jean Anderson* – like *United States v. Arizona* -- overwhelmingly involved and addressed State level functions governing and managing the election in Colorado. It was strongly argued that the Supreme Court must defer to Colorado concerning Colorado's conduct of Colorado elections.

It was convincingly argued that the State has the right to run elections in Colorado as it chooses. (I became involved as a potential witness in that case.)

Yet that was not the dominant consideration. Lack of uniformity of Federal law throughout the country was dominant and fatal.

The U.S. Supreme Court voted 9-0 to overturn Colorado's decision to remove Trump from its election ballot, on the basis that the problem with inconsistent application of Federal law was unacceptable and dominating over all the State issues.

See, Opinion, *per curiam*, *Norma Jean Anderson, et al. v. Donald Trump, et al..,* U.S. Supreme Court, March 4, 2024, downloadable for free to all including the public, at https://www.supremecourt.gov/opinions/23pdf/23-719_19m2.pdf

Here, similarly, for a State court to prosecute an individual under the State's

own version of Federal law that flouts a uniform national standard is a violation of the State court's subject matter jurisdiction and of the due process rights of the Defendant, and of the Supremacy Clause of the U.S. Constitution.

The New York Supreme Court, Trial Division, Manhattan County, may prosecute Donald Trump for State level crimes.  But that is not what they are doing.  If the trial court may prosecute Federal law at all, it must follow a well-established national uniform standard.  The New York Court may not invent its own version, variant, or interpretation of Federal law, resulting in a patch-quilt of Federal law from State to State.

## IV.    GOOD FAITH REQUEST FOR THE EXTENSION, MODIFICATION, CLARIFICATION, OR OVER-TURNING OF PRECEDENT

On the one hand, a stunning 9-0 vote by the U.S. Supreme Court in March 2024 should dispense with all question of a valid basis for this Petition (*Norma Jean Anderson v. Donald Trump* following on *United States v. Arizona (2012)* both examined in depth, *infra).*

Nevertheless, I as Petitioner flag to the Court that there has not been a need for courts to extensively review the offensive abuses happening now in the New York State Supreme Court, Trial Division, Criminal Term. The body of precedent developed during times when common sense, honesty, fairness, and equal application of the laws were taken for granted.

Similarly, the concept of harm to voters was applied in the criminal

conviction of *United States v. Douglass Mackey*, Case No. 21-CR-80-AMD, in the

Eastern District of New York just a few months ago.  Unmistakably, the *Mackey*

conviction must be vacated if I as Petitioner do not have standing as a voter injured

by these events. If my claim as Petitioner is questioned, then *Mackey* is void and

Douglass Mackey must be acquitted notwithstanding the verdict.

## V.     STATEMENT OF FACTS NECESSARY TO UNDERSTAND ISSUES PRESENTED

Respondents are purporting to prosecute Donald J. Trump, Jr., as head of

The Trump Organization and former President for falsification of business records

pursuant to N.Y.  Penal Law §175.05, for one transaction frivolously sliced into 34

misdemeanor counts from the same transaction, cause and occurred.

But they are not.  In reality, the Respondents are prosecuting Donald Trump

in State court for allegedly violating Federal campaign finance law.  They are

prosecuting Trump for a donation in excess of the limit of $10,800[1] established for

the 2016 election cycle.

In order to evade the statute of limitations, the Respondents must establish

that the single transaction presented in 34 misdemeanor counts is actually a felony

with a longer statute of limitations because business records were falsified to

---

[1]      A donation by either spouse is considered to represent both spouses and one may donate
the limit for both the primary election and general election in the same election cycle, for $10,800.

further some other crime.

As alleged in the Indictment and inferred from it, including references in the Indictment to matters of public discussion, the following facts may be informative.

Starting in June and July 2006, it has been rumored that two women, one Stormy Daniels, one Playboy model Karen McDougal, met Donald Trump at high-profile social events and began intimate romantic affairs, sometimes described as sexual sometimes not.

Apparently around 2007, attorney Michael Cohen was engaged by (as he said it) "a real estate company.'  However, it should be noted that The Trump Organization is an umbrella holding and operating company while large real estate projects are normally each encompassed in its own separate company.

It appears that Michael Cohen was engaged on a case by case basis in a classic attorney format.  That is, on information and belief, Cohen submitted invoices for his legal work rather than being paid a straight salary.

On information and belief, Cohen appears to have requested a new "retainer" for each new case.   Cohen also performed work on a case by case basis for Trump, and signed letters and documents as "Attorney for Donald Trump."

Cohen is alleged to have invoiced Donald Trump for a "retainer" with regard to a new case – the Stormy Daniels controversy in January 2017.

Thus, Cohen was both a personal attorney of Donald Trump and an attorney

for The Trump Organization and/or its various subsidiary projects.

In 2011, Stormy Daniels (her stage name) offered to tell her story to In Touch Magazine for $15,000 in which she claimed to have had an affair with Trump. The magazine prepared the story but it did not run it after harsh denials by Cohen, however, the claim became common knowledge and circulated as a rumor such as in 2011.

Subsequently, in 2016, Daniels offered her story *generally* for sale and publication as a literary work to any publication interested. That is, Daniels apparently did not directly approach Trump but The National Enquirer became aware that Daniels was shopping her story around for purchase. It routinely and somewhat famously pays for stories, news, or tips, and celebrity news.

Yet David Pecker, head of the Enquirer explains that his paper did not purchase Stormy Daniels' story because $130,000 was too expensive.

This led to Michael Cohen allegedly purchasing Daniels' story, and then billing the Donald J. Trump revocable trust for equivalent legal services.

Donald Trump's private, subjective, internal motivations (impossible to ever know in most cases) are central to the prosecution, but irrelevant under the law.

The prosecution of Donald Trump is premised upon the assumption that revelations about his affairs in 2005-2007 would have damaged his campaign, and therefore any actions that Trump is accused of must have been intended to benefit

his campaign. But it is far more likely under the evidence that news of Trump affairs, if true, would damage his marriage or at least humiliate his wife than to influence the election. That is, even if Melania Trump knew about past dalliances, being reminded of it is painful emotionally and having it spread nationwide for all to see is even more painful to a wife as exposing private issues everywhere.

Would revelations that Donald Trump committed acts consistent with his public image as a playboy harm his campaign for President? No. Not at all. As stock market analysts quip, Trump having been a playboy is "baked into the price."

Donald Trump has been the iconic, living example of a playboy most of his adult life. In March 1990, Trump posed for the cover of Playboy Magazine with a model showing a very sensual, adoring pose. While no living person matches a stereotype, if ever there was a real-life playboy it was Donald Trump … at least until Melania married him and domesticated him. How would news consistent with decades of Trump's public image harm his campaign?

## VI. PERSONAL EXPENSES ARE INCAPABLE OF BEING CRIMES UNDER FEDERAL CAMPAIGN FINANCE LAW: THERE IS NO ELECTION LAW CRIME TO BE "THE OTHER CRIME"

Respondents are basing their prosecution on the false "pop law" that **"Anything that benefits a campaign is a campaign expenditure."** That falsehood not only has no basis in reality, but it is patently absurd.

A campaign expenditure is only an obligation that would not have existed

"but for" the candidate running for office.  The regulations promulgated by the

FEC include this prohibition:

**Personal use of campaign funds is prohibited:**

**11 CFR 113.1(g)**

\* \* \*

**(g)*Personal use.* Personal use means any use of funds in a campaign account of a present or former candidate to fulfill a commitment, obligation or expense of any person that would exist irrespective of the candidate's campaign or duties as a Federal officeholder.**

Otherwise:   A man with a following and notoriety, maybe a social media

"influencer" (whatever that is) or podcaster decides to run for Congress.  He raises

campaign donations.  He then gets a hair transplant, as Sen. Joe Biden did years

ago.  He pays for his hair transplant with campaign funds (which Joe Biden did not

do) because a well-done hair replacement would obviously benefit his campaign

for Congress from his new dashing good looks.  He gets major dental work with

campaign funds.  He buys new clothes.  He buys a sharp new car with campaign

funds.  He gets engaged to a beautiful trophy wife which creates a burst of public

relations and outpouring of attention (and more donations). He then gets married in

late September just before the election and gets a huge round of publicity for this

sentimental and positive wedding.  He pays for the wedding with campaign funds

because the notoriety helps his campaign.  Then having engaged in all of this self-

16

improvement paid for by campaign donations, he quits the race, drops out, and ends his election campaign, pocketing of course all the campaign donations used on things that would "benefit" his campaign.

The FEC understands that this cannot be tolerated.  The news media and lawyers and jurists getting their law from the newspaper have not grasped this.

Nothing qualifies as a campaign expenditure unless it very strictly complies with every detail required by the FEC.

To suggest that everything qualifies as a campaign expenditure unless proven not to be opens the floodgates to many disastrous situations as stated above.

It is essential to grasp that under Federal interpretation of Federal law, no crime occurred or could occur.  There is no campaign finance or election law crime, therefore the New York crimes are misdemeanors unenhanced for which the statute of limitations expired at the latest in the Summer of 2020.

The New York Supreme Court, Trial Division, Criminal Term has to change the interpretation of Federal law to pursue this prosecution.

The rulings of the Federal Courts are that everything is a personal expense for which campaign funds may not be used (and therefore may not be reported on campaign finance reports) unless the expenditure only exists because of the candidate running for office.

*See, generally, FEC v. Craig for U.S. Senate*, 933 F.Supp.2d 111

(D.D.C.2013) and *FEC v. Craig for U S. Senate,* 816 F.3d. 829 (2016), 2016 WL

850823, at *12 (D.C. Cir. Mar. 4, 2016) (rejecting argument that Senator should be

able to use campaign funds for legal expenses relating to attempt to withdraw

guilty plea because Senator would not have attempted to withdraw plea if he were

not an officeholder):

> FECA contains a list of "[p]ermitted uses" for campaign
> contributions. 52 U.S.C. § 30114(a) As relevant here, such uses
> include payments for "ordinary and necessary expenses incurred
> in connection with duties of the individual as a holder of Federal
> office," id. § 30114(a)(2), and expenditures "for any other lawful
> purpose unless prohibited by subsection (b) of this section," id. §
> 30114(a)(6).

> \* \* \*

> Section 30114(b)(1) prohibits "conver[sion]" of campaign
> contributions to "personal use." Section 30114(b)(2) provides
> that contributions are "converted to personal use if . used to
> fulfill any commitment, obligation, or expense of a person that
> would exist irrespective of the candidate's election campaign or
> individual's duties as a holder of Federal office." 52 U.S.C. §
> 30114(b)(2) (emphasis added).

In a Complaint filed by the FEC some years ago, the FEC represented to the

Federal District Court there:

> FECA provides that contributions accepted by a candidate may
> be used by the candidate for, *inter alia,* "otherwise authorized
> expenditures in connection with the campaign for Federal office
> of the candidate." 52 U.S.C. § 30114(a)(1).

> The Act provides that contributions or donations described in 52
> U.S.C. § 30114(a) "shall not be converted by any person to
> personal use." 52 U.S.C. § 30114(b)(1).

The Act defines "personal use" as the use of a contribution or donation "to fulfill any commitment, obligation, or expense of a person that would exist irrespective of the candidate's election campaign or individual's duties as a holder of Federal office." 52 U.S.C. § 30114(b)(2).

*__INTENT IS IRRELEVANT.__*  The test is cold, hard, math.  No feelings may be considered.  No motives may be considered.   No effects may be considered.

The cold, hard, math is this:  Would the candidate have the same obligation or reason to spend the money if he were not a candidate?

It does not matter if the candidate announces on national television:  "I am hiring a physical trainer to get in shape and getting a hair transplant exclusively to benefit my campaign and for no other reason.  No, really.  I am only doing it for my campaign.  No, I'm serious.  There is no other reason.  Only for the election."

## VII.  LOANS DO NOT COUNT AS CAMPAIGN DONATIONS IN EXCESS OF LIMITS IF REPAID

But the Respondents seek to further nuance the fairy tale by claiming that when Michael Cohen allegedly paid Stormy Daniels, and then allegedly sought reimbursement from the private (revocable) trust of Donald Trump that this "loan" is an illegal campaign donation because it was in excess of allowable limits.

Loans are not campaign donations.

The FEC has clearly provided for the treatment of advances or loans.

An advance or a loan does not qualify as a donation nor is it subject to any

donation limits if it is paid back from the campaign:

### Handling candidate loans, debts and advances

Federal Election Commission
Help for Candidates and Committees

A loan from a person or committee to a candidate or political committee is a contribution to the extent that it remains unpaid. Once repaid in full, a loan no longer counts against the contributor's contribution limit. Unlike other loans, bank loans are not considered contributions if they are made in the ordinary course of business and on a basis that assures repayment.

https://www.fec.gov/help-candidates-and-committees/handling-loans-debts-and-advances/

## VIII. THERE ARE NO BUSINESS RECORDS

Shockingly, the Respondents are not enforcing New York law, but Federal campaign finance law, also because there are no business records involved.

1.  Without self-awareness, the Indictment alleges that the private attorney of Trump Michael Cohen was reimbursed by Donald Trump's (apparently unrestricted) private trust, essentially (while Trump as Settlor is still living) a personal bank account of Donald Trump.

2.  Even if the installment payments for legal services allegedly to reimburse an advance by Michael Cohen could be counted as campaign expenditures, the reimbursements were – as admitted by the Indictment itself, *supra*, -- the personal funds of the candidate, Donald J. Trump, Jr.

3.      Even the misdemeanor version of the charges fail because there is no business involved for which any business records were falsified.

4.      New York law clearly defines business records as being for an "enterprise." "Enterprise" is defined as "any entity of one or more persons ... engaged in business, commercial [or] professional ... activity" (Penal Law § 175.00[1]).  Trump's trust is merely his personal bank account, not a business.

5.      It ought to be clearly recognized that if the trust owns shares of stock in another, separate entity – which we do not know about Trump's private trust -- it is that other entity if a business whose business records are covered by the statute.

6.      If an individual owns shares of stock of Eastman Kodak, Inc. of Rochester, New York, their own private records could not be covered by the business records law, whereas the records of Eastman Kodak would be covered.

7.      If Donald Trump's private trust simply owns other companies, neither N.Y. Penal Law §175.10 nor §175.05 can apply.

## IX.    CANDIDATE SPENDING HIS OWN MONEY NOT A CAMPAIGN FINANCE CRIME

Furthermore, the funds at issue were Donald Trump's personal funds.

A candidate may spend an unlimited amount of his own personal funds on his campaign for elected office.  This has been determined as constitutionally mandated that a candidate cannot be regulated or restricted in the use of his own time and money to run for office.  *See*:  **"Using the personal funds of the**

**candidate**," Federal Election Commission. [2]

Therefore, Michael Cohen's advance of funds and Donald Trump spending his own personal funds to pay Cohen back cannot legally or constitutionally be prosecuted.

## X.   ONLY THE TREASURER IS RESPONSIBLE FOR CAMPAIGN EXPENDITURES

Furthermore, if there could be any New York State prosecution under a New York-only interpretation of Federal law, the Respondents would need to prosecute the Treasurer of Donald J. Trump for President, Inc.

The FEC argued in a Federal Complaint against a U.S. Senate candidate:

> No expenditure by or on behalf of the ---------- Committee could or can be made without the authorization of the Committee's treasurer or his or her agent. *See* 52 U.S.C. §§ 30102(a), 30103(b)(4).

Thus, the candidate has no authority over the funds or expenditure decisions of the authorized committee of his own campaign.  Respondents are – if we assume everything else they claim is correct – prosecuting the wrong person.

Similarly, the news media and others have spent many decades spreading misinformation about Political Action Committees (PACs).  Candidates do not usually control the typical PACs operating to promote their candidacy.

---

[2]    https://www.fec.gov/help-candidates-and-committees/candidate-taking-receipts/using-personal-funds-candidate/    *See Davis v. FEC*, 555 U.S. at 740, 744 (2008). *See also* FEC v. Ted Cruz for Senate, 596 U.S. 289, (May 16, 2022); *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010).

## XI.  VIOLATIONS OF FEDERAL CAMPAIGN LAW ARE <u>NOT</u> NECESSARILY <u>CRIMINAL</u> VIOLATIONS

Also, fatal to the Respondent's case under Federal campaign law is the fact

that use of campaign funds for personal purposes or receiving donations in excess

of the applicable limit (adjusted each year) – none of which happened with regard

to Trump – does not necessarily nor even often involve any <u>criminal</u> prosecution.

One Federal District Court (not identified for the privacy of the candidate)

cited to precedents that are authoritative independent of that particular case as:

> The Court has considerable discretion when deciding what
> penalty is appropriate. *See United State v. Mun. Auth. of Union
> Twp.,* 150 F.3d 259, 264 (3d Cir. 1998); *see also Tull v. United
> States,* 481 U.S . 412, 426-427 (1987). When choosing what
> penalty to impose, the Court is to consider a variety of factors,
> including the penalty's deterrent effect, *see FEC v. Craig for US.
> Senate,* 70 F. Supp. 3d 82, 99-100 (D.D.C. 2014), *aff'd,* 2016 WL
> 850823 (D.C. Cir. Mar. 4, 2016); the necessity of vindicating the
> authority of the FEC, *see FEC v. Comm of 100 Democrats,* 844
> F. Supp. 1, 7 (D.D.C. 1993); and Defendants' inability to pay, *see
> id.* Finally, when setting the penalty, the Court should consider
> whether Defendants acted in bad faith. *See United States v.
> Reader 's Digest Ass 'n, Inc.,* 662 F.2d 955, 967 (3d Cir. 1981).
> All parties insist that the Court can assess these multiple factors
> and determine the appropriate remedy based on the record as it
> currently exists.
>
> * * *
>
> Instead, it appears from the record that there are genuine disputes
> of material fact on at least some of the issues that the Court
> should consider in determining the appropriate remedy.
> Most prominent on this list is the issue of Defendants' good faith.
> Defendants assert that they sought and obtained guidance from
> an FEC campaign finance analyst, [], who approved of [the]
> arrangement and the way in which campaign contributions were
> used to pay for the [expense].

Where the Federal Election Commission and Federal judges agree that any punishment for an actual violation of campaign finance laws is within the discretion of the Federal judge and is only rarely a criminal matter, how can the New York State Supreme Court, Criminal Term use that alleged Federal violation as the "other crime" to extend N.Y. Penal Law §175.10 beyond the expiration of the New York statute of limitations?  Where Federal enforcement invests that decision in the Federal judge, and rarely is that a criminal matter, how can New York assert a criminal violation as "the other crime?"  What crime?

## XII.  AS FORMER S.D.N.Y. ASSISTANT U.S. ATTORNEY ANDREW C. MCCARTHY SHOWS, DISTRICT ATTORNEY BRAGG IS PROSECUTING FEDERAL LAW AND VIOLATING THE NEW YORK CONSTITUTION

As conveniently analyzed and summarized by former Federal prosecutor Andrew C. McCarthy, who served as an Assistant United States Attorney for the Southern District of New York and led the 1995 terrorism prosecution against Sheikh Omar Abdel-Rahman and eleven others:

> Bragg's prosecution violates the U.S. Constitution because he is trying Trump on a crime — conspiracy to steal an election by violating federal campaign law — that is not charged in the indictment and is not even a New York crime.
>
> Bragg's prosecution also violates the New York constitution because the felony business-records-falsification statute he invokes fails to spell out, expressly and with specificity, ***the "other crimes" that trigger it*** — and, in the instance of this

prosecution against Trump, fails to spell out ***whether the state legislature intended to empower state prosecutors to enforce federal campaign law.***

Andrew C. McCarthy, Esq., **"Bragg's Prosecution of Trump Violates New York State's Constitution,"** National Review [syndicated] [Law & the Courts], April 30, 2024, accessible at https://www.nationalreview.com/2024/04/braggs-prosecution-of-trump-violates-new-york-states-constitution/ *[paragraph breaks added for emphasis] [emphases added] [Article also attached].*

> Once one clears away the election-theft and federal-law underbrush, Trump is actually charged not with a conspiracy but with 34 substantive felony violations of a New York statute that makes it a crime to falsify business records with the fraudulent intent to conceal "another crime."
>
> ***What other crime?*** The penal statute in question doesn't say. That's a fatal problem because New York State's constitution mandates that a statute must spell out any statutory terms it is incorporating. Under Article III, §16, of the state constitution, incorporation by reference is not permitted.
>
> To be more specific, Trump is charged under §175.10 of the state penal law with "falsifying business records in the first degree." Here is that provision, in pertinent part:
>
>> A person is guilty of falsifying ***business record***s in the first degree when he *commits the crime of falsifying business records in the second degree*, and when his intent to defraud includes an intent to commit *another crime* or to aid or conceal the commission *thereof.* [Emphasis added.]
>>
>> * * *
>
> That offense, §175.05, states exactingly what conduct the legislature has criminalized: in Trump's case, "with intent to defraud, . . . caus[ing] a false entry to be made in ***the business records of an enterprise."***
>
> Ergo, people cannot complain that they are not on notice of what

it means to falsify ***business records.***

The remainder of §175.10, however, provides virtually no notice — including with respect to its most consequential aspect: the additional element that makes first degree falsification a felony, punishable by up to four years' imprisonment.

The difference between the misdemeanor prescribed by §175.05 and the felony prescribed by §175.10 is that the latter requires proof that the falsifier's fraudulent intent included *the concealment of "another crime."*

But the statute is constitutionally infirm — probably in all cases, but at least as applied to Trump — because it does not state what "other crimes" trigger felony liability.

Under Article III, §16 of the New York Constitution:

> No act shall be passed which shall provide that *any existing law*, or any part thereof, ***shall be made or deemed a part of said act***, or which shall enact that any existing law, or part thereof, shall be applicable, ***except by inserting it in such act.*** [Emphasis added.]

*This is a due-process provision meant to prevent exactly what Bragg has done here: force a defendant to go to trial without being put on notice of the charge.*

As I explained in my weekend column,[3] Bragg insists — with the ready indulgence of Judge Merchan — that he is free ***to enforce the complex corpus of federal campaign-finance law*** because §175.10 allows him to contend that any conceivable "other crime" that a defendant might have been trying to conceal triggers the business-records falsification felony — the other crime is not specified in the business-record statute, and according to Bragg and Merchan, the prosecutor does not even

---

[3]    https://www.nationalreview.com/2024/04/how-judge-merchan-is-orchestrating-trumps-conviction/

have to state it in the indictment.

*Id. [paragraph breaks added for emphasis] [emphases added] [Article also attached].*

> … I deduced that, since we're talking about a provision of the New York penal code that a New York state prosecutor would have authority to enforce, "another crime" under §175.10 must be a *New York* crime.
>
> ***Otherwise***, I observed:
>
>> Bragg similarly has jurisdiction to enforce, say, Chinese penal statutes, sharia's hudud crimes, and perhaps even the criminal laws of Rome (after all, under the Bragg/Merchan rationale, the statute doesn't say the "other crime" must still be in existence).
>
> Well, it turns out that, despite the insouciance of the district attorney and the judge, the New York constitution is even more stringent than I supposed — i.e., even more solicitous of the rights of defendants. Article III, §16, mandates that if a prosecutor is to be enabled by a penal statute to enforce another law, including federal law, ***the conduct proscribed by that other law, or at very least the citation of that other law, must be spelled out in the penal statute.*** A penal statute may not just vaguely incorporate "another crime" by reference and leave everyone guessing about what that other crime might be – i.e., what conduct it proscribes, or at least where in law it is codified.

*Id. [paragraph breaks added for emphasis] [emphases added] [Article also attached].*

## XIII. JURISDICTION IS PROPER UNDER THE ALL WRITS ACT., 28 U.S.C. § 1651.

Respondents must (in order to proceed) invent their own special Manhattan-only, false, misrepresentation of Federal law rejected by the Federal Government itself. The FEC has argued the opposite in Court. *See, Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

As is the case here regarding falsification of business records within New York State, *Norma Jean Anderson* presented many issues about the State of Colorado having a great many rights about the conduct of elections within Colorado.

But a proliferation of inconsistent interpretations of nationwide law from State to State violates the architecture of the U.S. Constitution and U.S. Government. See *United States v. Arizona,* 567 U.S. 387 (2012); *INS v. Chadha*, 462 U.S. 919 (1983) (The U.S. Supreme Court undertook a fundamental analysis of the constitutional architecture of the U.S. Constitution. It found in *Chadha* that the legislative veto of executive branch action violated the U.S. Constitution because it contradicted the constitutional architecture and structure of Presentment.).

The extraordinary (but nevertheless fully available) application of a writ of prohibition (i.e. stay order) in a New York criminal case applies to this case *(emphasis added)*:

The extraordinary remedy of prohibition lies only where there is
a clear legal right and, with respect to pending criminal
proceedings, ***only when a court EXCEEDS ITS
JURISDICTION OR AUTHORIZED POWER in such a
manner as to implicate the legality of the entire proceeding***"
*Matter of Patel v Breslin*, 45 AD3d 1240, 1241, 846 N.Y.S.2d
748 (3d Dept 2007) [internal quotation marks, brackets and
citation omitted], leave denied 10 NY3d 704  (2008); see *Matter
of Rush v Mordue*, 68 NY2d 348, 352-353, 502 N.E.2d 170, 509
N.Y.S.2d 493 (1986);

*Matter of State of New York v King*, 36 NY2d 59, 62, 324 N.E.2d
351, 364 N.Y.S.2d 879 [1975]; *Matter of Canning v Revoir*, 220
AD3d 16, 19 [3d Dept 2023]). That said, "even if there has been
an excess of jurisdiction or power, the extraordinary  remedy will
not lie if there is available an adequate remedy at law" (*Matter of
State of New York v King*, 36 NY2d at 62; see *Matter of Lipari v
Owens*, 70 NY2d 731, 732-733, 514 N.E.2d 378, 519 N.Y.S.2d
958 (1987).

*Matter of Rodriguez v. Hobbs*, 220 A.D.3d 1145, 198 N.Y.S.3d 816, 817-
818 (October, 26, 2023) *(Emphasis added)*.

Here, this Petition for Writ of Prohibition does not involve any discretion,

decision, or subjective exercise of authority by the Respondents.  Respondents

simply do not have subject matter jurisdiction and should be prohibited from

subjecting defendants to prosecution and harassment as if they did have the

necessary jurisdiction.

This Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651. The

All Writs Act is invoked by federal courts of appeals to a district judge, or by the

Supreme Court to issue a writ to a lower court judge. *Allied Chemical Corp. v.

Daiflon, Inc.*, 449 U.S. 33 (1980).

The All Writs Act states:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651. "The authority of federal courts to issue writs of mandamus is derived from the All Writs Act, 28 U.S.C. § 1651." *United States v. Bell*, 2008 U.S. Dist. LEXIS 91803, 7-8 (E.D. Tenn. Sept. 29, 2008) *citing In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995). Mandamus is defined as "[a] writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." *Coles v. Granville*, 448 F.3d 853, 861 n. 2 (6th Cir. 2006) (citing Black's Law Dictionary p. 973 (7th ed. 1999).

## XIV.  PETITIONER HAS NO ADEQUATE REMEDY AT LAW

The Petitioner has no adequate remedy at law.  The election for each presidential term is a one-time event with dramatic and often intangible real-world consequences of how the nation will be defended or harmed by a capable, determined President for four years.  There is no compensation or remedy possible after the fact that can provide complete redress.  The disruption of the 2024 presidential election by supporters of Trump's opponent in the race cannot be remedied after the fact.  Letting a trial unfold is not a remedy.  One of the candidates for President in 2024 is being held in effect in pre-conviction detention

while presumed innocent, thus unable to campaign in the 50 States to the extent needed.  Even if Trump is acquitted, the weeks of election campaign time can never be replaced.  Trump cannot campaign for the office of President in the 2024 election in the other 49 States during those weeks lost forever.  The United States of America does not have a system that allows delay or adjustment of the deadlines for each term of office for a President.

### XV.  PETITIONER HAS STANDING; YOUNGER-FELDMAN DOES NOT APPLY TO GREAT AND IMMEDIATE IRREPARABLE INJURY

Petitioner has standing pursuant to Constitutionally guaranteed rights of voters in federal presidential elections under U.S. Const. art. I, § 4, cl. 1, Petitioner asserts in his Petition, a particularized stake litigation (*Lance v. Coffman*, 549 U.S. 437 (2007)).  See *Palmer v Schneider*, 699 F.2nd 322 (1981).  The *Palmer* case relies on the holding in *Younger v Harris*, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971), stating that:

> "(T)he subject was given extensive treatment by the Supreme Court which held . . . there is no basis for federal courts to exercise equitable jurisdiction over the state court criminal trials i*n the absence of irreparable injury great and immediate*.

(Emphasis added).

### XVI.  TIMING IS RIGHT:  CONTROLLED BY RESPONDENTS' DEFECTIVELY VAGUE INDICTMENT, and NATURE OF THE CHARGES

Officially and legally, we did not actually know what DA Bragg is

prosecuting Donald Trump for until the opening statement on April 20, 2024, by prosecutor Matthew Colangelo in the case of *People of the State of New York v. Donald J. Trump, Jr.,* in the Supreme Court of New York, Trial Division, Criminal Term, Ind. No. 71543-23.

It was widely suspected that DA Bragg was prosecuting Trump for imagined violations of Federal campaign finance law, while Trump was running for the 2016 Federal office of United States President.

However, a court would not support an action based on such speculation.

When asked by reporters what "other crime" DA Bragg was tacking on to N.Y. Penal Law §175.05, DA Bragg responded that he did not have to say.

Here, DA Bragg is seeking to transform a misdemeanor transaction which he is charging under N.Y. Penal Law §175.05 into a felony by invoking the condition under N.Y. Penal Law §175.10 of falsifying business records to engage in or cover up some "other crime."

See, Indictment, *People of the State of New York v. Donald J. Trump, Jr.,* in the Supreme Court of New York, Trial Division, Criminal Term, Ind. No. 71543-23, April 4, 2023 *[mislabeled as 2022],* downloadable at no cost from "Just Security," at: https://www.justsecurity.org/wp-content/uploads/2024/02/Just-Security-NY-2016-Election-Interference-Trump-Clearinghouse-%E2%80%94-%E2%80%94-Trump-Indictment-indicted-March-30-2023-and-released-to-public-

April-4-2023.pdf

But it was not until the second week of the trial on April 20, 2024, that we

learned officially what the prosecution is actually prosecuting Donald Trump for,

and discovered that Respondents are actually prosecuting Trump for violations of

the Federal Election Campaign Act of 1974 and implementing regulations.

Moreover, the Respondents are asserting an interpretation of that Federal law

dramatically opposite of, contradicted by, and inconsistent with the long-running

well-established Federal interpretation of Federal law.[4]

* * *

> The opening statements offered the 12-person jury — and the
> voting public — a roadmap for viewing the allegations at the
> heart of the case and Trump's expected defenses. The attorneys
> previewed weeks of salacious and potentially unflattering
> testimony in a trial that will unfold against the backdrop of a
> closely contested White House race. Trump is not only the
> presumptive Republican nominee but also a defendant facing the
> prospect of a felony conviction and prison.

* * *

**"THE DEFENDANT, DONALD TRUMP,
ORCHESTRATED A CRIMINAL SCHEME TO
CORRUPT THE 2016 PRESIDENTIAL ELECTION. THEN**

---

[4]     Notice that the staff report from the Federal Election Commission analyzing the complaint by Common Cause contains many arguments drastically at odds with Federal court cases.  One must look to the underlying authorities to find that the staff report is incompatible with Federal interpretations of.  One contractor working with Condemned USA led by Treniss Evans personally worked extensively against a lawsuit by the FEC against a Congressional candidate (under a law firm).  The issue there was precisely personal versus campaign expenditures.  Not only did the FEC litigate in Federal court and the Court upheld an interpretation exactly the opposite of the staff report in the Common Cause case, but filed the official position in court argued by Petitioner here.

**HE COVERED UP THAT CRIMINAL CONSPIRACY BY LYING IN HIS NEW YORK BUSINESS RECORDS OVER AND OVER AND OVER AGAIN," PROSECUTOR MATTHEW COLANGELO TOLD JURORS.**

\* \* \*

Trump faces 34 felony counts of falsifying business records — a charge punishable by up to four years in prison — though it's not clear if the judge would seek to put him behind bars. A conviction would not preclude Trump from becoming president again, but because it is a state case, he would not be able to pardon himself if found guilty. He has repeatedly denied any wrongdoing.

\* \* \*

"At Trump's direction, Cohen negotiated a deal to buy Ms. Daniels' story **TO PREVENT AMERICAN VOTERS FROM HEARING THAT STORY BEFORE ELECTION DAY,"** Colangelo told jurors.

Michael R. Sisak, Jennifer Peltz, Eric Tucker and Jake Offenhartz, **"Trump Tried to 'Corrupt' 2016 Election, Prosecutor Alleges as Hush-Money Trial Gets Underway,"** Associated Press, April 20, 2024, accessible at: https://apnews.com/article/trump-trial-hush-money-opening-stormy-daniels-6beee9b99114898ee0dd60185d43bac5

## XVII. CONCLUSION

The statute of limitations expired in January 2023 for violations of N.Y. Penal Law §175.05 which (although being the same act or occurrence, a single transaction, merely repeated 34 times) are misdemeanors.

The Respondents (including the trial court which has denied motions to dismiss) contend that Donald Trump has violated N.Y. Penal Law §175.10 instead of N.Y. Penal Law §175.05 because the alleged falsification of business records

was done with the purpose of facilitating or covering up ***another crime***.

Therefore, the Respondents must actually prove "the other crime" beyond a reasonable doubt because it is a requirement to being able to charge N.Y. Penal Law §175.05 as a felony N.Y. Penal Law §175.10 with a longer statute of limitations.

It is not enough to merely observe or take note of another crime, such as for motive. "The other crime" is an essential, mandatory requirement before Trump can be found guilty of N.Y. Penal Law §175.10.

Trump can never be found guilty of N.Y. Penal Law §175.05 because Respondent Bragg waited years until long after the statute of limitations had expired.

Therefore, the Respondents must unavoidably prosecute Trump for violations of Federal campaign finance laws or Federal election laws, which is what Respondent Bragg's office told the jury in opening argument the Respondents are prosecuting.

However, Respondents are not applying or prosecuting well-settled Federal law under a single, uniform national interpretation of Federal law by the Federal government. Instead, Respondents are defying the Federal Government's interpretation of Federal law, contradicting decades of precedent in which the Federal Election Commission argued to Federal law that a campaign expenditure is

___*not*___ anything that has incidental benefit to a campaign but rather is an obligation that only exists because the person is a candidate for public office.

Specifically, if there are mixed motives, the expenditure is – always – a personal expense, not a campaign expense. Every expenditure is presumptively a personal expense unless proven to be a campaign expense in every required detail.

Not only are the Respondents basing the prosecution of Donald Trump on Federal law, but on an erroneous misinterpretation of Federal law that contradicts the Federal government's own interpretation of Federal laws.

Furthermore, Federal campaign finance laws or election laws cannot be "the other crime" to establish N.Y. Penal Law §175.10, because ___*a Federal judge holds great discretion in determining the proper penalty for an actual, if proven, violation of the Federal Election Campaign Act of 1974 and/or implementing regulations*___. A violation cannot be "the other crime" when it is not necessarily a crime at all.

In conclusion, the Court must prohibit the Respondents from asserting, misinterpreting, prosecuting or enforcing Federal law within the New York State court prosecution of Donald Trump. Respondents have stated without being specific in the Indictment that they are prosecuting Trump for violations of Federal campaign finance laws (which they are still not clear about). This moved from the level of assumption and/or leaks to official during the opening argument of the

prosecution by Matthew Colangelo on April 20, 2024.

To streamline the relief requested, Petitioner does not ask interference in the New York courts pursuing violations of New York law.

But the New York Courts must be prohibited from mis-applying Federal law during New York State court proceedings, particularly by defying a uniform, national standard and definition of Federal law.

The Court should stay the case until this Petition can be decided.

Otherwise, there is irreparable injury to Petitioner, and all qualified voters, great and immediate.  There, however, is no irreparable injury to the State of New York if a trial stay is granted.  All required factors for the court to issue a stay order favor Petitioner.  The only consideration against a stay is an illegitimate and even illegal factor, in that the courts cannot be used as taxpayer funded campaign commercials for or against any particular candidate.

Dated:  May 10, 2024

Respectfully submitted,

Treniss J. Evans III
PO Box 2357
Canyon Lake, Texas 78133
Telephone:  (210) 571-2847
210-571-2847
Treniss@CondemnedUSA.com

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with the word limitations of under 7,800 words of Fed. R. App. 21(d), and that this petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman style.

The body of the Petition is 7,381 words out of the allowable 7,800 words maximum.

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, I am also mailing a copy of the foregoing to the Respondents named in Section II, by U.S. Postal Service, Priority Mail, postage prepaid.  I will also prepare a Summons for issuance by the Clerk of the Court, and when the Clerk has issued a Summons I will promptly arrange service of process of the Summons plus Petition upon the Respondents.

Treniss J. Evans III
c/o CondemnedUSA
PO Box 2357
Canyon Lake, Texas 78133
Telephone:  (210) 571-2847
Treniss@CondemnedUSA.com

*EXHIBIT A*

▶ **WATCH TV LIVE**

 TV   **HEALTH**   **MONEY**   **WORLD**


Menu ☐

# NEWSMAX

**Monday, April 29, 2024**                                                🔍

| Home | Platinum | Newsfront | Politics | Opinion | Podcast | The Wire | Books | Best Lists | Specials | Sci & Tech | 🔍 |

Subscribe

Home | Newsmax TV

Tags: alan dershowitz | newsmax | new york | donald trump

# Dershowitz to Newsmax: New York 'Violating' Voters' Rights With Trump Trial

Ad 1 of 1                                            

**By Theodore Bunker**   |   Monday, 22 April 2024 03:19 PM EDT

          Comment | Print  A A

▶   Listen to this Newsmax article

0:00 / 2:24   1X

Harvard University Law School professor emeritus Alan Dershowitz told Newsmax on Monday that the state of New York is "violating" the rights of voters by prosecuting former President Donald Trump in his hush money trial.

Trump was ordered to appear in a New York City court on Monday for his ongoing criminal trial over alleged hush money payments to adult film star Stormy Daniels. On the same day, the US Supreme Court is set to hear arguments concerning whether or not Trump is immune from prosecution in the federal case against him over his alleged attempt to overturn the results of the 2020 presidential election.

Dershowitz told "Newsline" that "it's a terrible day for American law," adding, "it's being abused for partisan political purposes and to constitute election interference."

He went on to note that "The state court has no jurisdiction over federal election laws" that Trump is charged with violating.

Prosecutor Matthew Colangelo said in court on Monday that "this case is about a criminal conspiracy" between Trump, his former attorney Michael Cohen, and former National Enquirer publisher David Pecker in which Trump "covered up that criminal conspiracy by lying in his New York business records over and over and over again."

Dershowitz went on to say, "It's the state that's violating the right of all of us as voters to vote for a candidate based on the pros and cons of his candidacy, not on some made-up, fake criminal charges."

The longtime Harvard Law professor added, "In order to get to where we are today, the state had to take minor misdemeanor election ... filing statements that may have been untrue in corporate forms, which was long ago expired under the statute

**Related Stories:**

of limitations, and then try to turn it into a state felony by invoking a federal statute which they don't even name, which they have no jurisdiction over.

- **Alan Dershowitz to Newsmax: 'Bad Jury for Donald Trump'**

- **Dershowitz to Newsmax: Trump Should Be Allowed to Leave Courtroom**

Dershowitz said, "In 60 years of practicing and writing and teaching criminal law, I've never seen a case as weakened as this one."

© 2024 Newsmax. All rights reserved.

**About NEWSMAX TV:**

Sign up for Newsmax's Daily Newsletter

Receive breaking news and original analysis - sent right to your inbox.

Your Email Address

Zip Code    (Optional for Local News)

Sign Me Up

Privacy: We never share your email address.

NEWSMAX is the fastest growing cable news channel in America!

Find Newsmax channel in your home via cable and satellite systems — **More Info Here**

and watch it anywhere! Try it for FREE -- **See More Here:** NewsmaxPlus.com

**Special Links:**

Theodore Bunker ✉

*Theodore Bunker, a Newsmax writer, has more than a decade covering news, media, and politics.*

- Biden's Hidden Plan Exposed- Get Prepared While You Can

- Browse Hundreds of Dating Profiles and Find Your Match

- 'Hair Fertilizer' Grows Crazy Amounts of Hair

- Worst Habit That Harms Knees in Seniors Over 60

- As Society Breaks Down, Food Will be Currency. Learn More

**Click Here** to comment on this article

Join the Newsmax Community

Read and Post Comments

Please review Community Guidelines before posting a comment.

Newsmax2 Live



| Listen | • | Channels | • | Schedule | • | ↗ |

| On Now: | 9:00p ET • America's Mayor Live |

| Coming Up: | 10:00p ET • The Freedom File: Judge Napolitano |

∧ TOP

| Home | Platinum | Newsfront | Politics | Opinion | Podcast | The Wire | Books | Best Lists | Specials | Sci & Tech | 🔍 |

# NEWSMAX

NEWSMAX.COM
America's News Page
© 2024 Newsmax Media, Inc.
All Rights Reserved

Interest-Based Advertising | Do not sell or share my personal information 

Newsmax, Moneynews, Newsmax Health, and Independent. American. are registered trademarks of Newsmax Media, Inc. Newsmax TV, and Newsmax World are trademarks of Newsmax Media, Inc.

About | Contact | Advertise | Shop | RSS | Archives | Links | Careers | Privacy Policy | Terms & Conditions | 🔍

*Exhibit B*



**NATIONAL REVIEW | NR** PLUS   | **LAW & THE COURTS**

# Bragg's Prosecution of Trump Violates New York State's Constitution



Manhattan district attorney Alvin Bragg attends an exoneration proceeding in New York City, July 25, 2022. (Steven Hirsch/Reuters)

| Share ➤ | 585 Comments 💬 | Listen ▶ |

By **ANDREW C. MCCARTHY**
April 30, 2024 10:35 AM

A crucial due-process provision is r
exactly what the DA has done: forc



2   Articles Left   |   Sign In                    **Subscribe** ⏏

Bragg, an election denier, is trying to convict Trump of a crime that is not charged in the indictment — to wit, conspiracy to steal the 2016 election by suppressing negative information in violation of federal campaign law. This violates the Fifth Amendment to the United States Constitution, which requires a felony charge to be spelled out in an indictment whose criminal elements have been established by probable cause to the satisfaction of a grand jury. Here, the problem is not just that there is no indication the grand jury was presented with an election-theft conspiracy offense; *there is no such conspiracy crime in New York penal law.* As a state prosecutor, moreover, Bragg has no jurisdiction to enforce federal law — as to which Congress vested "exclusive" criminal- and civil-enforcement authority, respectively, in the Justice Department and the Federal Election Commission.

Worse still is that Judge Juan Merchan is not just letting Bragg get away with this; he is consciously abetting the district attorney — thus adding heft to Trump's claim that Merchan is deeply conflicted by political bias.

Nevertheless, the violation of Trump's rights is even more basic.

Once one clears away the election-theft and federal-law underbrush, Trump is actually charged not with a conspiracy but with 34 substantive felony violations of a New York statute that makes it a crime to falsify business records with the fraudulent intent to conceal "another crime."

*What other crime?* The penal statute in question doesn't say. That's a fatal problem because New York State's constitution mandates that a statute must spell out any statutory te
of the state constitution, incorporation by reference is not permitte

To be more specific, Trump is charged under §175.10 of the state pe
first degree." Here is that provision, in pertinent part:

A person is guilty of falsifying business records
*commits the crime of falsifying business records in the second degree, and*



Note that, following New York's afore-described constitutional rule, the felony business-records statute expressly incorporates the misdemeanor crime of "falsifying business records in the second degree." This kind of incorporation has been approved by the Court of Appeals, New York's highest court, only because it expressly states the terms of a specified statute that are being included. That is, §175.10 expressly cites to and expressly requires commission of the second-degree offense. That offense, §175.05, states exactingly what conduct the legislature has criminalized: in Trump's case, "with intent to defraud, . . . caus[ing] a false entry to be made in the business records of an enterprise." Ergo, people cannot complain that they are not on notice of what it means to falsify business records.

The remainder of §175.10, however, provides virtually no notice — including with respect to its most consequential aspect: the additional element that makes first degree falsification a felony, punishable by up to four years' imprisonment.

The difference between the misdemeanor prescribed by §175.05 and the felony prescribed by §175.10 is that the latter requires proof that the falsifier's fraudulent intent included *the concealment of "another crime."* But the statute is constitutionally infirm — probably in all cases, but at least as applied to Trump — because it does not state what "other crimes" trigger felony liability.

Under Article III, §16 of the New York Constitution:

> No act shall be passed which shall provide that *any existing law*, or any part thereof, *shall be made or deemed a part of said act*, or which shall enact that any existing law, or part thereof, shall be applicable, *except by inserting it in such act.* [Emphasis added.]

This is a due-process provision meant to prevent exactly what Bragg has done here: force a defendant to go to trial without being put on notice of the charge.

As I explained in my weekend column, Bragg insists — with the ready indulgence of Judge Merchan — that he is free to enforce the complex corpus of federal campaign-finance law because §175.10 allows him to contend that any conceivable "other crime" that a defendant might have been trying to conceal triggers the business-records falsification felony — the other crime is not specified in the busines~~s record statute, and according to Bragg and~~ Merchan, the prosecutor does not even have to state it in the indict

Manifestly, however, due process requires that there must be some talking about a provision of the New York penal code that a New Yo enforce, "another crime" under §175.10 must be a *New York* crime.

Bragg similarly has jurisdiction to enforce, say, ~~Chinese penal statutes,~~

2    Articles Left    |    Sign In                          Subscribe  

Well, it turns out that, despite the insouciance of the district attorney and the judge, the New York constitution is even more stringent than I supposed — i.e., even more solicitous of the rights of defendants. Article III, §16, mandates that if a prosecutor is to be enabled by a penal statute to enforce another law, including federal law, *the conduct proscribed by that other law, or at very least the citation of that other law, must be spelled out in the penal statute.* A penal statute may not just vaguely incorporate "another crime" by reference and leave everyone guessing about what that other crime might be — i.e., what conduct it proscribes, or at least where in law it is codified.

Other New York provisions elucidate this point.

For example, Article III of the state constitution also provides, in §22, that "notwithstanding . . . any other provision of this constitution," the legislature, in defining the "income" on which taxes may be imposed, may refer "to any other provision of the laws of the United States." That is, the drafters of the state constitution understood the need to expressly refer to federal law and expressly grant the legislature authority to incorporate federal law, for the specific and narrow purpose of defining taxable income. Otherwise, they would have run afoul of the principle — made explicit in §16, excerpted above — that statutes must spell out any other statutes they are incorporating.

Or take §220.00 of state public-health law, which defines the "controlled substances" that state criminal law makes illegal for drug-trafficking purposes. Unlike the felony business-record falsification statute (§175.10, excerpted above), §220.00 does not refer to just any "controlled substance" or "another controlled substance"; it exactingly provides that a controlled substance is actionable only if it is listed in specific, expressly stated provisions of state public-health law (e.g., §3306, whose lists of controlled substances, and the "schedules" of varying seriousness on which those substances appear, is cited several times).

If the New York legislature meant to give state prosecutors authority to enforce federal campaign law, then to be in compliance with the New York constitution they had to do it expressly — *by expressly describing the specific conduct that they were purporting to criminalize, or by at least referring to the specific provisions of federal law they were purporting to authorize for state prosecution.*

Not only would that have put the public on notice that a state prosecutor might try to use the state business-records crimes to reach campaign-finance activity in federal elections; it would also have given the federal government notice so that it could object.

As I've pointed out, Congress gave the Justice Department and the federal campaign law to ensure uniform application nationally of w of law. To allow any local prosecutor in the country, despite having and impose his own version of them is the antithesis of what Congr

I do not know if Trump's lawyers have raised a New York constituti...

2    Articles Left    Sign In                                        Subscribe ▲ 

legislature has failed to put an accused on notice of what conduct has been proscribed. Defense attorneys should raise it if they haven't already.

Bragg's prosecution violates the U.S. Constitution because he is trying Trump on a crime — conspiracy to steal an election by violating federal campaign law — that is not charged in the indictment and is not even a New York crime. Bragg's prosecution also violates the New York constitution because the felony business-records-falsification statute he invokes fails to spell out, expressly and with specificity, the "other crimes" that trigger it — and, in the instance of this prosecution against Trump, fails to spell out whether the state legislature intended to empower state prosecutors to enforce federal campaign law.

Share ➤                                    585 Comments 💬

2    Articles Left    |    Sign In                                    Subscribe ▲

For answers on how to use the Insticator commenting platform, please visit Insticator's dedicated **Help Center**.

# 585 Comments

Sign in    Sign up

Leave a comment

Sort by **Recent**

**TThor** May 2

"Bragg's Prosecution of Trump Violates New York State's Constitution"

Not to mention common decency and fairness...

Reply

**JustAnotherIdiot** May 2

Bragg, James and Willis actually believed that they were going to be BIG HEROES when they waded into this treasonous farce...LOL...poor things...

Reply  👍 1

**frank77** May 1

Andy tell us: 'Once one clears away the election-theft and federal-law underbrush, Trump is actually charged not with a conspiracy but with 34 substantive felony violations of a New York statute that makes it a crime to falsify business records with the fraudulent intent to conceal "another crime." *What other crime?*

Cohen was indicted by SDNY for violations of campaign finance law which he committed while working for Trump. There obviously is a second crim fraudulent record keeping used to reimburse Cohen guilty to this charge is meaningless since that guilty p generous terms for the whole package of charges. H SDNY brought such charges against the President's a confident that such charges were warranted

Show more
Reply

---

2    Articles Left    |    Sign In          **Subscribe**  

Nevermind that they have no charges that stand up to a crime. None. Just find him guilty please, for democrats! Not democracy. It's about revenge for beating Hillary in 2016. It couldn't have been her fault of course. Nope.

Reply

**braindeaddem**  May 1

it makes no difference what constitutions and laws democrats break to get Trump

Reply  👍 1

**inspector_Javert**  May 1

And where will they turn for safety once they get him, the laws all being flat?

Reply

1 reply

Load more comments

Powered by                                              Terms   Privacy   Help   Get in Touch

# Popular in the community

**Pence and January 6**

338 Comments



**We're Back to What the Definition of 'Is' Is**

313 Comments



Load more articles

2   Articles Left  |  Sign In                                    **Subscribe** 



**VERSUS TIME FOR RELAX BY VERSACE**

*Delightful essence of Floral Greens that will render a full relaxation mode through out the day.*

Notify Me

Price with coupon
**$45.90**

3

2   Articles Left   |   Sign In

**Subscribe** 

*Exhibit C.*



# THE HILL



## Huge Sale on New Ram Tru

Napleton Ram Dealership Sale today. Huge
Amazing Ram Trucks till end of month

Napleton Ram Truck Sale

**OPINION > CRIMINAL JUSTICE**

THE VIEWS EXPRESSED BY CONTRIBUTORS ARE THEIR OWN AND NOT THE VIEW OF THE HILL

# On Alvin Bragg and the art of not taking the law too seriously

BY JONATHAN TURLEY, OPINION CONTRIBUTOR - 04/27/24 10:30 AM ET

  





**BIDEN TOUTS $6 BILLION DEAL WITH MICRON**



Listen to this Article

Ad Remover
**Delete All Ads**   Open

Rube Goldberg, the inventor of bizarre machines that performed simple tasks through dozens of mechanical steps, was once asked about the essence of creating such fantastic, illogical machines. He replied "An inventor is simply a fellow who doesn't take his education too seriously." After the first week of testimony, the trial of Donald Trump is increasingly looking like a mad prosecution machine by lawyers who don't take law too seriously.

I have long been a critic of the Bragg indictment as legally incomprehensible. However, I must confess that after a week of testimony, some of us have developed a weird fascination with the utter madness of the scene unfolding in Manhattan. It was not until the second week of proceedings that Bragg even revealed part of his theory of criminality. For months, even liberal legal analysts have expressed dismay that Bragg's indictment had not clearly stated what specific crime that Trump sought to conceal by allegedly misrepresenting payments to former adult film actress Stormy Daniels.

# THE HILL



**IMPORTANT SAFETY INFORMATION**

XIFAXAN is not for everyone. Do not take XIFAXAN if you have a
known hypersensitivity to rifaximin, any of the rifamycin
antimicrobial agents, or any of the components in XIFAXAN.

PRESCRIBING INFORMATION

The premise of the prosecution always had that Rube Goldberg feel. It was so implausible
as to be impossible. After all, the base charge is a simple misdemeanor under a New York
law against falsifying business records. Trump paid Cohen hundreds of thousands of
dollars in legal fees and costs, including $130,000 for a nondisclosure agreement with
Daniels.

Bragg is vague as to what should have been noted on the ledgers for the payments. It is not
even clear if Trump knew of this expense's designation as a legal cost. However, it really did
not matter, because the misdemeanor has been as dead as Dillinger for years.

The dead misdemeanor was shocked back into life by claiming that it was committed to
conceal another crime. Under New York's penal law, section 175.10, it can be a felony if the
"intent to defraud includes an intent to commit another crime or to aid or conceal the
commission thereof."

For months, Bragg has suggested that the "other crime" was the violation of federal
election laws, suggesting that the payment was really a campaign contribution Trump
made to himself that was not properly recorded. The problem is that the Justice
Department investigated that crime already and decided that it was not a viable criminal
claim. It did not even seek a civil fine.

Bragg's predecessor and Bragg himself rejected the theory behind this prosecution. But
then a pressure campaign led Bragg to green-light a prosecution roughly eight years after
the 2016 campaign.

In the trial, Bragg added a type of frying pan flip to his Rube Goldberg contraption by
arguing that Trump may have been trying to hide his violation of another dead

# THE HILL

ADVERTISEMENT

In other words, Trump was conspiring to try to win his own election. This even though the notations were made after he had won the election, and even though Trump was running for a federal, not a state office.

So again, what is the unlawful means?

The machine then flips you back to the beginning — seeking "to influence the election." There are still the federal election violations, but that theory was rejected after an investigation. And if it were a real crime, it would be brought by federal, not state prosecutors.

ADVERTISEMENT

IMPORTANT SAFETY INFORMATION

XIFAXAN is not for everyone. Do not take XIFAXAN if you have a known hypersensitivity to rifaximin, any of the rifamycin antimicrobial agents, or any of the components in XIFAXAN.

PRESCRIBING INFORMATION



# THE HILL

nondisclosure agreement.

This circular reasoning is already incredibly creative, but the actual evidence used to propel this ball through the machine is even wackier. Bragg decided to start with a witness to discuss an affair that is not part of the indictment. David Pecker, former publisher of the National Enquirer tabloid, had supposedly been paid to kill a story of a Trump affair with a different woman, Karen McDougal, a former Playboy model.

Pecker proceeded to make the prosecution case even more convoluted. On cross examination, Pecker admitted that had Trump told him that he knew nothing about any reimbursement to Cohen for any hush money, that he had killed or raised such stories with Trump for decades before he ever announced for president and that he had also killed stories for other celebrities and politicians, including Arnold Schwarzenegger, Tiger Woods, Rahm Emanuel and Mark Wahlberg.

ADVERTISEMENT



He also testified that Trump told him that paying hush money never really worked because stories still get out. And he understood that Michael Cohen was working as Trump's personal counsel, not his campaign counsel. Finally, he testified that Trump had no direct involvement in arranging any payments to McDougal.

Pecker added that Bragg's star witness, Michael Cohen, commonly exaggerated and often became loud and argumentative. Cohen will effectively ask the jury to send his former client to jail for following his own legal advice.

# THE HILL

ADVERTISEMENT

Even as legal experts debate what crime can be found in any of these flips and dips, Judge Juan Merchan seems content to listen as this weird machine bleeps and whirls in his courtroom.

That is why Bragg has created the perfect Rube Goldberg attraction. The artist himself explained his unlikely success by saying, "It just happened that the public happened to appreciate the satirical quality of these crazy things."

In New York, that appreciation has moved from the satirical to the legal.

ADVERTISEMENT



Free. Trusted. Non-partisan.

Get daily updates from the #1 source in political news.

THE HILL      ✉ SIGN UP



# THE HILL

**TAGS**   ALVIN BRAGG   MICHAEL COHEN   STORMY DANIELS

Copyright 2024 Nexstar Media Inc. All rights reserved. This material may not be published, broadcast, rewritten, or redistributed.

 SHARE    POST   ••• MORE

## SPONSORED CONTENT

Powered by **Taboola**

Privacy Policy

### MOST GIFTED JEWELRY FOR MOTHER'S DAY

Oak&Luna | Sponsored

Shop Now

### These Barefoot Shoes are Leaving Neuropathy Experts Baffled

Barefoot Vitality | Sponsored

### Big Change Leaves Florida Drivers Furious

Otto Quotes | Sponsored

Learn More

### $25 AI Stock Could Deliver Life-Changing Windfall

Money and Markets | Sponsored

Learn More

### Massive Change Leaves Florida Drivers Furious

Otto Quotes | Sponsored

Learn More

### Why Yiume's Aloha shirts are a fashion must-have

Yiume | Sponsored

Shop Now

### Empty Alaska Cruises Departing From Florida That Seniors Can Book For Dirt Cheap

Favorite Searches | Sponsored

### Do You Remember Her? Take A Deep Breath Before Looking At Her

Finance Wealth Post | Sponsored

# THE HILL

**Moab 3 Summer Clearance Sale Only $25!**

Merrell Moab 3 | Sponsored

Shop Now

**6 Things Not to Do When Selecting a Financial Advisor**

SmartAsset | Sponsored

Learn More

**Paige Spiranac Show Off Her Figure In New 20 Photos**

Daily Finance Stories | Sponsored

**Take 1 Shot Of Olive Oil At Night, Here's Why**

Gundry MD | Sponsored

**Prisoners who escaped Alcatraz finally showed up after 5 decades in hiding**

Culturess | Sponsored

**Heart Surgeon Begs Americans: "Stop Eating This For Breakfast"**

Gundry MD | Sponsored

Learn More

**The US Government Is Providing Free Covid Test Kits Again (Claim Yours Now)**

Covid Tests | Search Ads | Sponsored

Learn More

**Here's What A Walk-In Shower Should Cost**

West Shore Home Baths Quotes | Sponsored

Learn More

## More Criminal Justice News





**Trump's moaning about being forced off the campaign trail is nonsense**

CRIMINAL JUSTICE / 5 DAYS AGO

 **Biden's Justice Department hounds elderly concentration camp survivor, ignores serial church arsonist**

CRIMINAL JUSTICE / 7 DAYS AGO

 **Another legal loss for the NRA — and another warning sign for the gun industry**

OPINION / 1 WEEK AGO

 **With US cities struggling, San Francisco has actually become a shining model of recovery**

CRIMINAL JUSTICE / 3 WEEKS AGO

See All    

Video/Hill.TV

# THE HILL



**Rising: April 26, 2024**

RISING / 3 DAYS AGO



Rising: April 25, 2024



## Rising: April 24, 2024

**RISING** / 5 DAYS AGO

See all Hill.TV

See all Video

## Top Stories





**Growing campus unrest sparks Democratic fears over Chicago convention**

SENATE / 2 MINS AGO

See All



# THE HILL



Opinion

## How to submit an op-ed.

Most Popular



# THE HILL

**2**    **Maria Bartiromo questions Jim Jordan about 'congressional investigations that ...**

**3**    **Niece of Israeli hostage says Biden administration has shown 'unwavering and ...**

**4**    **Here are Biden and Trump's paths to victory in the Electoral College**

**5**    **RFK Jr. hits back after Trump's 'barely coherent' rant**



**SPONSORED CONTENT**
**Saving For Their Future: Real Advice From Florida Moms.**
BY FLORIDA PREPAID







**DON'T MISS A BRIEF.
SIGN UP FOR OUR DAILY EMAIL.**

Your Email

Send

# THE HILL

## Resources

THE HILL APPS

PEOPLE

RSS

## Other Areas

GALLERIES

THE HILL JOBS

NATIONAL JOBS

## Contributors

SUBMIT OPINION CONTENT

Follow Us On

Get the App







# THE HILL

SUBSCRIPTIONS

PRIVACY POLICY

TERMS & CONDITIONS

CONTACT

ADVERTISE

SUBSCRIBE TO PUSH NOTIFICATIONS

NEWSNATION

BESTREVIEWS

NEXSTAR DIGITAL

JOURNALISTIC INTEGRITY

DO NOT SELL OR SHARE MY PERSONAL INFORMATION

THE HILL 1625 K STREET, NW SUITE 900 WASHINGTON DC 20006 | 202-628-8500 TEL | 202-628-8503 FAX

© 1998 - 2024 NEXSTAR MEDIA INC. | ALL RIGHTS RESERVED.

