UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TRENISS J. EVANS,**

  *Plaintiff*,

v.                                           Case No. SA-24-CV-00480-JKP

**SUPREME COURT OF NEW YORK, TRIAL DIVISION, CRIMINAL TERM, FOR THE CITY OF MANHATTAN, NEW YORK, ATTN: HONORABLE ELLEN N. BIBEN, ADMINISTRATIVE JUDGE; AND ALVIN BRAGG, DISTRICT ATTORNEY FOR MANHATTAN, NEW YORK;**

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Treniss Evans's Writ of Prohibition. *ECF No. 1*. Upon consideration, the Writ of Prohibition is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

### Request for Relief

Treniss Evans filed this Writ of Prohibition in this Court asserting denial of

rights to hear and understand the candidates for President of the United States in order to exercise my vote in the 2024 Presidential election. Voters like me are not merely being denied information but being doused in misinformation about candidate Donald Trump that Trump is not being allowed to correct, creating the same deprivation of voter rights as just decided in the Eastern District of New York in *United States v. Douglass Mackey,* Case No. 21-CR-80-AMD.

Candidly, I as a Petitioner am likely to vote for Donald Trump.

> Nevertheless, I along with all voters need to hear Trump's responses to the massive nationwide broadcast of serious accusations of criminal conduct by Trump to be sure. Just as many Republicans strongly supported Richard Nixon for re-election, until after Watergate, voters are being deprived of their right to vote if the nation is flooded with accusations against Trump that Trump is not allowed to answer.

As relief, Evans requests this Court issue a Writ of Prohibition to

> prohibit the Respondents from asserting, misinterpreting, prosecuting or enforcing Federal law within the New York State court prosecution of Donald Trump. Respondents have stated without being specific in the Indictment that they are prosecuting Trump for violations of Federal campaign finance laws (which they are still not clear about). This moved from the level of assumption and/or leaks to official during the opening argument of the prosecution by Matthew Colangelo on April 20, 2024. To streamline the relief requested, [Evans] does not ask interference in the New York courts pursuing violations of New York law. But the New York Courts must be prohibited from misapplying Federal law during New York State court proceedings, particularly by defying a uniform, national standard and definition of Federal law.

In addition, Evans requests this Court stay the New York case until this Petition for Writ of Prohibition is decided.

## **Discussion**

"Federal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of the judicial proceedings." *In re Bass,* 171 F.3d 1016, 1021 (5th Cir. 1999). Should the possibility of lack of jurisdiction arise, a federal court must examine its own jurisdiction. *Villarreal v. Smith,* 201 Fed.App'x. 192, 194 (5th Cir. 2006) (per curiam) (citing *United States v. Hays,* 515 U.S. 737, 742 (1995)).

Here, Evans's Petition for Writ of Prohibition presents a possibility of lack of jurisdiction and at the same time, requests emergency relief. Therefore, the Court will examine its jurisdiction without waiting for motion or submission from the Respondents.

From the face of the Petition, Evans seeks Writ of Prohibition pursuant to the All Writs Act, 28 U.S.C. § 1651. *ECF No. 1, pp. 28-29*. Pursuant to the All Writs Act, a federal court "may

issue all writs necessary or appropriate in aid of their respective jurisdictions agreeable to the usages and principles of law." 28 U.S.C. § 1651. Further, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Neither of these statutes provide a federal court with jurisdiction to issue any writ against a state court, state actor or state agencies. *Ochoa v. Collier*, No. 20-70001, 2020 WL 582397, at *3 (5th Cir. Feb. 4, 2020), *cert. denied*, 140 S. Ct. 990 (2020) (citing *Moye v. Clerk, Dekalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *see also Gordon v. Whitley*, 24 F.3d 236 (5th Cir. 1994); *Hubbard v. Louisiana State*, No. CV 19-13683, 2020 WL 2085544, at *2 (E.D. La. Apr. 30, 2020).

The Fifth Circuit Court of Appeals has long recognized that "[t]he Writs of Mandamus and Prohibition are granted sparingly." *In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975) (internal quotation and citation omitted). A writ of prohibition provides relief "in the nature of mandamus", and thereby, should be reserved for extraordinary causes and issued only when the right to relief is clear and indisputable. *Hicks v. United States*, 396 Fed. App'x. 164, 165 (5th Cir. 2010). These writs are "supervisory in nature and are used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.*; *Edwards v. Director*; *TDCJ–CID*, No. 2:09cv253, 2011 WL 5870852, at *1 (E.D. Tex. Nov. 22, 2011). For example, the writ of prohibition is traditionally "used by appellate courts to exert their revisory powers over inferior courts, but is not an appropriate remedy to control the jurisdiction of other, non-subordinate courts." *Williams v. 363rd Judicial Dist. Court*, No. 3-03-CV-0900-D, 2003 WL 21394575, at *2 (N.D. Tex. May 22, 2003), report and recommendation adopted, No. 3-03-CV-0900-D, 2003 WL 21445314 (N.D. Tex. June 17, 2003)(citing *Miller v.*

*Connally,* 354 F.2d 206, 208 (5th Cir. 1965)); *Siler v. Story,* 587 F. Supp. 986, 987 (N.D.Tex. 1984). A New York state court is not inferior to a federal district court. Similarly, a federal court cannot direct a state court or judicial officer to perform an official act where mandamus is the only relief sought. *Moye,* 474 F.2d at 1276 (citing *Lamar v. 118th Judicial District Court,* 440 F.2d 383 (5th Cir. 1971)).

Evans seeks relief from this Court to prohibit action by a New York state court and a New York public officer. This mandamus-like relief is the only relief Evans seeks. Because this Court does not have jurisdiction to impose this prohibition relief against the Respondents, Evans fails to show any "clear and indisputable" right to relief within this Court's authority under the All Writs Act. *See Hicks v. United States*, 396 Fed. App'x. at 165; *Johnson v. Grounds*, No. W-07-CA-025, 2012 WL 12960651, at *1 (W.D. Tex. Feb. 13, 2012).

Consequently, this Court lacks subject matter jurisdiction, and the case is DISMISSED.

The Clerk of Court is DIRECTED to close the case.

It is so ORDERED.
SIGNED this 15th day of May, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

4